UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

LARRY M. DOW,
          Appellant,

      v.

GENERAL SERVICES
   ADMINISTRATION,
          Agency.

DOCKET NUMBER
SF-3443-02-0159-C-4

DATE: March 29, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Larry M. Dow, Buffalo, New York, pro se.

Marcia L. Smart, Esquire, Washington, D.C., for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement in this Veterans Employment Opportunities Act of 1998 (VEOA) appeal. For the reasons set forth below, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's compliance petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2        In 2000, the appellant, a preference-eligible veteran, applied but was not selected for a certain position with the agency.  *Dow v. General Services Administration*, MSPB Docket No. SF-3443-02-0159-I-9, Initial Decision (ID) at 3 (Mar. 23, 2007).  He appealed his nonselection under VEOA.  *Id.*  The administrative judge determined that corrective action was warranted and issued an initial decision ordering the agency to reconstruct the hiring process for the position.  ID at 6-7.  After the initial decision became the final decision of the Board, *Dow v. General Services Administration*, MSPB Docket No. SF-3443-02-0159-I-9, Final Order at 2 (Sept. 11, 2007), the appellant commenced a series of compliance matters, *Dow v. General Services Administration*, 117 M.S.P.R. 616, ¶¶ 3-9 (2012) (detailing the procedural history and substantive claims raised in each compliance matter).  Ultimately, the Board found that the agency was not in compliance with the remedial orders the Board entered in those matters and issued another order directing compliance.  *Id.*, ¶¶ 8-9, 13-14, 19-20.

¶3        Arguing that the agency did not fully comply with that latest order, the appellant filed another petition for enforcement.  *Dow v. General Services Administration*, MSPB Docket No. SF-3443-02-0159-C-4, Compliance File (CF), Tab 1.  On June 28, 2013, the administrative judge issued a compliance initial decision finding the agency in compliance.  CF, Tab 15, Compliance Initial Decision (CID).  He notified the parties that the decision would become final on August 2, 2013, unless a petition for review was filed by that date.  CID at 8.

¶4        On September 9, 2016, the appellant filed a request to reopen this compliance appeal with the Board's Western Regional Office, which forwarded it to the Office of the Clerk of the Board (Office of the Clerk).  Compliance Petition for Review (CPFR) File, Tab 1 at 1-2.  The Office of the Clerk construed the

appellant's submission as a petition for review of the June 28, 2013 compliance initial decision. CPFR File, Tab 1 at 1, Tab 2 at 1. The Office of the Clerk notified the appellant that his compliance petition was untimely filed and that, pursuant to 5 C.F.R. § 1201.114(g), a petition for review that appears to be untimely filed must be accompanied by a motion to accept the filing as timely or to waive the time limits. CPFR File, Tab 2 at 1‑2. The Office of the Clerk, therefore, invited the appellant to file such a motion and informed him that it should be filed by October 21, 2016. *Id.* at 2. The appellant, however, has not filed any such motion. The agency has responded to the compliance petition for review. CPFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5　　Although the appellant titled his submission as a request to reopen, the Office of the Clerk properly treated it as a petition for review. PFR File, Tab 1 at 2; *Valdez v. Office of Personnel Management*, 103 M.S.P.R. 88, ¶ 4 (2006) (providing that the Board treats a request to reopen an initial decision that became a final decision when neither party petitioned for review as an untimely petition for review). To be timely, a petition for review must be filed within 35 days of the date of the initial decision's issuance or, if the decision was received more than 5 days after the date of issuance, within 30 days after receipt. 5 C.F.R. § 1201.114(e). Since the appellant has not alleged that the compliance initial decision at issue was received more than 5 days after the date of issuance, his petition for review had to be filed by August 2, 2013. CID at 9. Because he filed it in September 2016, CPFR File, Tab 1 at 1, it is untimely by more than 3 years.

¶6　　The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.12, 1201.114(g). To establish good cause, a party must show that he exercised due diligence or ordinary prudence under the circumstances of his case. *See Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014). The appellant has not provided any

explanation for his delay.  Therefore, we dismiss his compliance petition for review as untimely filed.

¶7       This is the final decision of the Merit Systems Protection Board regarding the timeliness of the compliance petition for review.  The June 28, 2013 compliance initial decision remains the final decision of the Board regarding the appellant's petition for enforcement in this VEOA appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.